IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH REARICK, | : | Case No. 4:11-cv-00624 |
| | : | |
| Plaintiff, | : | Judge A. Richard Caputo |
| | : | |
| vs. | : | Complaint filed:  04/04/11 |
| | : | |
| GRAHAM SPANIER, SUSAN J. | : | |
| WIEDEMER, AL HORVATH, | : | |
| JOSEPH DONCSECZ, JAMES | : | |
| MATTERN, ROBERT MANEY, and | : | |
| RICHARD KILLIAN, | : | |
| | : | |
| Defendants. | : | ***Electronically Filed*** |

## DEFENDANTS' BRIEF IN SUPPORT OF AMENDED MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT

Date: July 27, 2011

James M. Horne, Esquire
Pa. I.D. 26908
Katherine M. Allen, Esquire
Pa. I.D. 77676
McQUAIDE BLASKO, INC.
811 University Drive
State College, PA  16801
(814) 238-4926
Attorneys for Defendant

# <u>TABLE OF CONTENTS</u>

*Page(s)*

*Table of Authorities* ................................................................................. ii

I.  PROCEDURAL HISTORY ............................................................... 1

II. STATEMENT OF FACTS ................................................................. 2

III. QUESTIONS PRESENTED ............................................................. 4

IV. STANDARD OF REVIEW .............................................................. 5

V.  ARGUMENT ...................................................................................... 6

    A. Ms. Rearick Fails to State a Claim Based on the Petition Clause ............. 6
    B. Ms. Rearick Fails to State any Claim Against Defendants Spanier,
       Horvath and Doncsecz ................................................................. 9
    C. The Doctrine of Claim Preclusion Bars Plaintiff's Retaliation Claim
       Based on Actions Occurring in 2009 ...................................... 13

VI. CONCLUSION .................................................................................. 18

## <u>*Cases Attached*</u>:

*Benckini v. Upper Saucon Township*
*Burne v. Siderowicz*
*Gloeckl v. Giant Eagle, Inc.*
*Morgan v. Covington Township*
*Rearick v. The Pennsylvania State University*
*Shockley v. Hosterman*
*Tankersley v. Morris*

# <u>TABLE OF AUTHORITIES</u>

*Page(s)*

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) .......... 10

*Baraka v. McGreevey*, 481 F.3d 187 (3rd Cir. 2007) .................................... 5, 10, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) ............. 5, 10

*Benckini v. Upper Saucon Township*, No. 07-3580, 2008 WL 2050825
(E.D. Pa. 2008) .................................................................................... 15

*Borough of Duryea, PA v. Guarnieri*, __ U.S. __, 131 S.Ct. 2488, 2011 WL
2437008 (June 20, 2011) ........................................................................ 7, 9

*Borough of Lansdale v. PP&L, Inc.,* 426 F.Supp.2d 264 (E.D. Pa. 2006) ............. 14

*Bruszewski v. United States*, 181 F.2d 419 (3rd Cir. 1950) .................................. 14

*Burne v. Siderowicz*, No. 09-4918, 2011 WL 2909191 (3rd Cir. July 21, 2011) ...... 9

*Churchill v. Star Enterprises*, 183 F.3d 184 (3rd Cir. 1999) .................................. 13

*Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684 (1983) ........................................ 8

*Elkadrawy v. The Vanguard Group, Inc.*, 584 F.3d 169 (3rd Cir. 2009) .......... 16, 18

*Evancho v. Fisher,* 423 F.3d 347 (3rd Cir. 2005) .............................................. 10, 11

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3rd Cir. 2009) ...................................... 5

*Gambocz v. Yelencsics*, 468 F.2d 837 (3rd Cir. 1972) ............................................. 14

*Gloeckl v. Giant Eagle, Inc.*, No. 05-1431, 2006 WL 1159339
(W.D. Pa. 2006) .................................................................................. 16, 18

*Hubicki v. ACF Indus., Inc.,* 484 F.2d 519 (3rd Cir. 1973) ..................................... 14

*Morgan v. Covington Township*, No. 09-651, 2009 WL 3818431
(M.D. Pa. 2009) ............................................................................................ 16-18

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3rd Cir. 1997) ...................... 6, 10

*Pauk v. Bd. of Trustees of City University of New York*, 654 F.2d 856 (2nd Cir.
1981), *overruled on other grounds as recognized in*, *Brandman v. North Shore
Guidance Center*, 636 F.Supp. 877 (E.D. N.Y. 1986) ............................................ 10

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192
(3rd Cir. 1993) ...................................................................................................... 6

*Phillips v. County of Allegheny*, 515 F.3d 224 (3rd Cir. 2008) ................................ 5

*Rearick v. The Pennsylvania State University*, No. 10-3041, 2011 WL 754785
(3rd Cir. March 4, 2011) ........................................................................ 2, 8, 14, 17

*Shockley v. Hosterman*, 279 F.App'x. 98, 2008 WL 877148 (3rd Cir. 2008) ......... 15

*Tankersley v. Morris*, No. 08-1653, 2009 WL 499264 (W.D. Pa. 2009) .............. 10

*U.S. v. Athlone Indus., Inc.*, 746 F.2d 977 (3rd Cir. 1984) .......................... 13, 15, 16

*Williams v. City of Allentown*, 25 F.Supp.2d 599 (E.D. Pa. 1998) ........................ 15

## I.   __PROCEDURAL HISTORY__.

Plaintiff Deborah Rearick initiated this action by filing a Complaint on or about April 4, 2011.  (Doc. 1).[1]  Defendants Graham Spanier, Susan J. Wiedemer, Al Horvath, Joseph Doncsecz, Richard Killian and James Mattern received Waiver of Service forms dated April 6, 2011, and accepted them.  (Docs. 6, 7).  On May 16, 2011, Ms. Rearick filed an Amended Complaint and added an additional Defendant, Robert Maney.  (Doc. 8).[2]  Mr. Maney accepted his Waiver of Service form dated May 17, 2011.  (Doc. 9).  Defendants previously filed a timely Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 10) and supporting brief (Doc. 11).  On July 18, 2011, this Court granted Defendants' motion for leave to amend their original partial motion to dismiss.  (Doc. 17).  In accordance with the July 18 Order, Defendants filed an amended partial motion to dismiss (Doc. 18) and file this brief in support of same.

In 2008, Ms. Rearick filed a previous lawsuit, alleging that employees at Penn State retaliated against her for complaining about sexual harassment by refusing to promote her to a new position.  *Rearick v. The Pennsylvania State University*, No. 10-3041, 2011 WL 754785 (3rd Cir. March 4, 2011) (hereinafter

---

[1] All references to "Doc. __" are to the Court's ECF docketing system.
[2] By filing her Amended Complaint without leave of Court or consent of Defendants, Ms. Rearick did not comply with Rule 15(a), Fed.R.Civ.P.; however, Defendants are not challenging the filing of the Amended Complaint.

"*Rearick I*") (copy attached).  Attached as an exhibit to Defendants' original

Motion for Partial Dismissal is a copy of the District Court docket sheet for

*Rearick I*.  (Doc. 10-1).  In *Rearick I*, the District Court granted summary

judgment in favor of Penn State and the Third Circuit Court of Appeals affirmed

that judgment.  *Rearick I, supra*.

## II.    <u>STATEMENT OF FACTS</u>.

For purposes of this motion only, this Court must consider as true the facts

as alleged by Ms. Rearick in her Amended Complaint.  Such alleged facts are

summarized as follows:

Ms. Rearick is an employee of Penn State who filed her "original

complaint" against Penn State in *Rearick I* on June 24, 2008.  (Doc. 8, ¶1).  Susan

Wiedemer, Joseph Doncsecz and Al Horvath are members of a group of top level

Penn State officials, as is Graham Spanier, President of Penn State.  (Id., ¶¶7-8).

James Mattern, Richard Killian and Robert Maney are directors and/or supervisors

of Ms. Rearick.  (*Id*., ¶9).

In February 2009, Ms. Rearick bid on an Accountant I position at Penn

State.  (*Id*., ¶¶12-17).  Ms. Rearick interviewed for the position with Mr. Killian,

Connie Stover and Bonnie Griffin in February 2009.  (*Id*., ¶¶19-21).   On April 2,

2009, Mr. Killian and Ms. Griffin met with Ms. Rearick and Mr. Killian told her

that they had chosen another person for the position.  (*Id*., ¶22).   Later, Mr.

Killian told Ms. Rearick that he and Ms. Griffin had not made the decision not to hire her, but "Old Main" had. (*Id*., ¶¶24-25). Mr. Mattern told Ms. Rearick that Ms. Wiedemer was in charge of the interview and hiring process. (*Id*., ¶¶27-28).

In early May 2009, in a discussion about why Ms. Rearick had been denied a fair opportunity at promotion, Mr. Killian told Ms. Rearick that she had a pattern of questioning authority. (Doc. 8, ¶30).

On May 10, 2010, Ms. Rearick applied for an Assistant Supervisor of the Property Inventory Department position. (Doc. 8, ¶44). On June 3, 2010, Ms. Rearick learned that she had been denied this position and that it was given to a less-qualified male applicant. (*Id.*, ¶¶44-46).

On June 17, 2010, the United States District Court granted summary judgment for Penn State with respect to Ms. Rearick's pending claim. (Doc. 8, ¶45). She filed her Notice of Appeal on July 9, 2010. (*Id*., ¶48).

On July 26, 2010, Mr. Rearick applied for the position of "Grants and Contracts Accountant I." (Doc. 8, ¶47). Mr. Mattern notified Ms. Rearick on September 13, 2010 that she was not selected for this position. (*Id*., ¶49).

In October 2010, Ms. Wiedemer sent Ms. Rearick a letter accusing Ms. Rearick of disrupting her co-workers and soliciting them to assist in her legal endeavors. (Doc. 8, ¶¶31-32). Ms. Rearick had harassed no one. (*Id*., ¶51).

On May 5, 2011, Mr. Maney and Ms. Wiedemer met with Ms. Rearick, questioned her about a gun permit and sent her to a Penn State counselor for a meeting.  (*Id.*, ¶¶54-62).  Ms. Rearick was told that she was not to return to work until summoned and that she needed to get an independent medical exam.  (*Id.*, ¶63).

In her Amended Complaint in this case, Ms. Rearick asserts two claims.  In Count I, Ms. Rearick brings a claim against all Defendants for violation of her First Amendment rights arising out of the Petition Clause.  In Count II, Ms. Rearick brings a claim against Defendants Maney and Wiedemer for violation of her rights under the First Amendment Petition Clause and under the Second Amendment based on the events of May 5, 2011.

## III.   QUESTIONS PRESENTED.

1.     Should Count I be dismissed in its entirety and Count II be dismissed to the extend it asserts a claim under the Petition Clause for failure to state a claim?

(Suggested answer in the affirmative).

2.     Should all remaining claims against Defendants Spanier, Horvath, Doncsecz, Mattern and Killian be dismissed for failure to state a claim?

(Suggested answer in the affirmative).

3.     Should the doctrine of claim preclusion bar Plaintiff's claims against all Defendants based on actions taken in April and May 2009?

(Suggested answer in the affirmative).

IV.    **STANDARD OF REVIEW.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.")

provides for the dismissal of a complaint, in whole or in part, for failure to state a

claim upon which relief can be granted.  Dismissal is appropriate if, accepting as

true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  The Third Circuit Court of

Appeals interprets *Twombly* to mean that a plaintiff must plead enough factual

allegations "to raise a reasonable expectation that discovery will reveal evidence

of each necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234

(3rd Cir. 2008) quoting *Twombly*, 550 U.S. at 556.  In considering a motion to

dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true,

construe the complaint in the light most favorable to the plaintiff, and determine

whether, under any reasonable reading of the complaint, the plaintiff may be

entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009).

A court may disregard "unsupported conclusions and unwarranted inferences or a

legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d

187, 195 (3rd Cir. 2007)(citations omitted).  Similarly, a court need not credit a

plaintiff's "bald assertions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997).

In resolving a Rule 12(b)(6) motion to dismiss, courts may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).

## V.   <u>ARGUMENT.</u>

### A.   Ms. Rearick Fails to State a Claim Based on the Petition Clause.

In Count I of her Amended Complaint, Ms. Rearick asserts a claim pursuant to the Petition Clause of the First Amendment against all Defendants.  (Doc. 8, Amended Complaint, p.10).  In Count II, Ms. Rearick alleges that Defendants Maney and Weidemer violated her rights under the First and Second Amendments through their actions on May 5, 2011.  (*Id.,* pp. 10-11).  In her "Introductory Statement," Ms. Rearick describes her lawsuit as one asserting "violations of her First Amendment rights to petition for a redress of grievances." (*Id.,* p.1).  She contends that Defendants retaliated against her for "suing the Pennsylvania State University" in 2008 and for the current case.  (*Id.,* pp.1-2).  Ms. Rearick's allegations fail to state a claim under the Petition Clause.

The United States Supreme Court recently articulated the requirements for a public employee to state a Petition Clause claim in *Borough of Duryea, PA v. Guarnieri*, __ U.S. __, 131 S.Ct. 2488, 2011 WL 2437008 (June 20, 2011).  The Court overruled prior law in the Third Circuit and held that the framework used to govern Speech Clause claims by public employees should also govern Petition Clause claims.  *Id. at* 2500.  Under this framework, a public employee must first show that she petitioned on a matter of public concern.  *Id.*  If the employee petitions "on a matter of purely private concern, the employee's First Amendment interest must give way."  *Id.*  A petition "that involves nothing more than a complaint about a change in the employee's own duties" does not relate to a matter of public concern.  *Id.* at 2501.  The Petition Clause does not provide public employees with a "right to transform everyday employment disputes into matters for constitutional litigation in the federal courts." *Id*.

Even if a public employee can show that she petitioned as a citizen on a matter of public concern, the employee's First Amendment interest must be balanced against the countervailing interest of the public employer in the effective and efficient management of its internal affairs.  *Id.* at 2500.  "When a petition takes the form of a lawsuit against the government employer, it may be particularly disruptive."  *Id.* at 2496.

In her Amended Complaint, Ms. Rearick alleges that she was denied certain job opportunities in retaliation for filing suit against the University.  (Doc. 8, ¶¶ 29, 47, 49, 50).  She also alleges that on May 5, 2011, Defendants Maney and Weidemer engaged in conduct partly in retaliation for filing the current lawsuit. (*Id.,* ¶64).  Ms. Rearick fails to assert that she filed her lawsuits on matters of public concern.  On this basis alone, Ms. Rearick's claims based on the Petition Clause should be dismissed.

In addition, the allegations in the Amended Complaint and in her prior lawsuit make it clear that Ms. Rearick is complaining about her private, employment concerns only.  In *Rearick I*, she asserted that the University illegally retaliated against her by refusing to hire her for a different job.  Similarly in this case, Ms. Rearick claims that Defendants retaliated against her by denying her promotions in April 2009, June 2010 and September 2010, by sending her a non-disciplinary letter in October 2010 and by subjecting her to certain questions and requiring her to seek a medical exam in May 2010.  All of these actions are employment actions personal and private to Ms. Rearick and do not constitute matters of public concern.  *See Connick v. Myers*, 461 U.S. 138, 147, 103 S.Ct. 1684 (1983)(where "public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest," federal court is generally not the appropriate forum to review personnel

decisions); *see also Burne v. Siderowicz*, No. 09-4918, 2011 WL 2909191 *3 (3rd

Cir. July 21, 2011)(copy attached)("private dispute in the workplace lacked the

requisite connection to broad social and political issues, transparency in

governmental affairs, or the effectiveness of government service that is normally

characteristic of an issue of public concern.").  Nothing in the Amended

Complaint satisfies the requirement in *Guarnieri* that the underlying petitions

must address matters of public concern.  Because Ms. Rearick fails to state a claim

under the Petition Clause, this Court should dismiss Count I in its entirety and

Count II to the extent it is based on a Petition Clause violation.

Absent her Petition Clause claims, Ms. Rearick is left with no viable claims

against Defendants Spanier, Horvath, Doncsecz, Mattern or Killian.  The only

claim remaining is Ms. Rearick's Second Amendment claim in Count II. Ms.

Rearick's claim in Count II is based on the alleged events of May 5, 2011, and is

directed only at Mr. Maney and Ms. Wiedemer.  Accordingly, this Court should

dismiss all claims except the Second Amendment claim based on the May 5, 2011

events against Ms. Wiedemer and Mr. Maney.

### B.    Ms. Rearick Fails to State any Claim Against Defendants Spanier, Horvath and Doncsecz.

In addition and in the alternative, Ms. Rearick fails to state any claim

against Defendants Spanier, Horvath and Doncsecz.  As previously noted, in

considering whether a plaintiff has sufficiently stated a claim against particular defendants, a court should disregard any "unsupported conclusions," "unwarranted inferences," or "bald assertions." *Baraka, supra; Morse, supra*. The United States Supreme Court has made it clear that a plaintiff must plead "factual allegations" that are sufficient to "raise a right of relief above the speculative level." *Twombly*, *supra* at 555-56, 127 S.Ct. at 1965.

Ms. Rearick has no cause of action directly under the Constitution for her claims, but a liberal reading of her Amended Complaint suggests that she intended to invoke the Court's jurisdiction pursuant to the Civil Rights Act, 42 U.S.C. §1983. *See Tankersley v. Morris*, No. 08-1653, 2009 WL 499264 *2 (W.D. Pa. 2009) (copy attached) (Because plaintiff seeks to vindicate constitutional rights but has no cause of action directly under the Constitution, "a liberal reading of the Complaint requires the Court to construe his Complaint as one invoking the Court's jurisdiction pursuant to 42 U.S.C. §1983."), citing *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) and *Pauk v. Bd. of Trustees of City University of New York*, 654 F.2d 856 (2nd Cir. 1981), *overruled on other grounds as recognized in*, *Brandman v. North Shore Guidance Center*, 636 F.Supp. 877, 879 (E.D. N.Y. 1986). An individual defendant in a §1983 civil rights action must have personal involvement in the alleged wrongs to be liable. *Evancho v. Fisher,* 423 F.3d 347, 353 (3rd Cir. 2005). Where a plaintiff does not

allege specific, personal involvement on the part of defendants, a court does not err in dismissing the claims against them.  *Baraka*, *supra*, at 210.

In *Evancho*, *supra,* the Court of Appeals affirmed dismissal of an employment action against Attorney General Fisher where the plaintiff failed to allege any facts indicating that Fisher personally directed her transfer.  *Evancho*, at 353.  The Court noted that the plaintiff did not identify the date her transfer was ordered, who ordered it, the date or means by which she was informed of the transfer, who told her that she was being transferred, or where the communication was made.  *Id.*  By merely "hypothesiz[ing]" that Fisher may have been somehow involved because of his position, the plaintiff alleged a conclusion based on an unreasonable inference.  *Id.* at 354.  Because several levels of supervision existed between the plaintiff and Fisher, it was unlikely that the decision involved the Attorney General.  *Id.*

Ms. Rearick utterly fails to state any claim with respect to her allegations against Defendants Spanier, Horvath and Doncsecz.  In her Amended Complaint, Ms. Rearick asserts that Ms. Wiedemer, Mr. Horvath, Mr. Doncsecz and Dr. Spanier are members of an inside group of "front office" officials who are "euphemistically" referred to as "Old Main."  (Doc. 8, ¶7).  Ms. Rearick never identifies who uses the euphemism "Old Main" to describe these individuals.  Ms. Rearick alleges that Mr. Killian told her she was not selected for the job she bid on

in April 2009 because "Old Main made the decision." (*Id.*, ¶25).  Ms. Rearick

makes the unsupported and speculative leap to assert that this comment meant that

Dr. Spanier himself had decided that she would be turned down for the position.

(*Id.*).  She claims "on information and belief" that Dr. Spanier, Mr. Horvath and

Mr. Doncsecz made the decision not to give her the job. (*Id.*, ¶29).  However, it is

much more consistent with her own claims that Mr. Killian's reference to "Old

Main" might have meant Ms. Wiedemer only, since Ms. Rearick alleges that Ms.

Wiedemer was part of the "Old Main" group and was "in charge" of the interview

and hiring process in April 2009. (*Id.*, ¶¶7, 28).   Later in May 2009, when Mr.

Killian made a remark to Ms. Rearick, she speculates that this constitutes another

retaliatory adverse employment action carried out by "Old Main."  (*Id.*, ¶30).

There is simply nothing other than Ms. Rearick's mere hypothesis or bald

speculation to tie Dr. Spanier, Mr. Horvath or Mr. Doncsecz to the alleged

employment actions in April and May 2009.

Beyond that, there is nothing in Mr. Rearick's Amended Complaint to

indicate that Dr. Spanier, Mr. Horvath or Mr. Doncsecz played any kind of

decision-making or participatory role in the decisions not to hire Ms. Rearick in

June and September 2010.  Further, there is no indication that these three

Defendants had any involvement in the correspondence sent to Ms. Rearick in

October 2010 or the meeting of May 2011.  Based on the standards for adequately

stating a claim against defendant in a §1983 action, Ms. Rearick fails to state a claim against Dr. Spanier, Mr. Horvath or Mr. Doncsecz.  Accordingly, all claims against these three Defendants should be dismissed.

### C.    The Doctrine of Claim Preclusion Bars Plaintiff's Retaliation Claim Based on Actions Occurring in 2009.

In addition to the above arguments, the doctrine of claim preclusion prevents Ms. Rearick from asserting any retaliation claim based on actions during April and May 2009.  The purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same events.  *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3rd Cir. 1999).  As described by the Third Circuit, "claim preclusion gives dispositive effect to a prior judgment if 'a particular issue, although not litigated, could have been raised in the earlier proceeding.'"  *Id.*, quoting *U.S. v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3rd Cir. 1984).  Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action.  *Id.*  The Court of Appeals cautions that "[c]ourts should not apply this conceptual test mechanically, but should focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit."  *Id*.

With respect to the first prong, there can be no dispute that Ms. Rearick's prior suit ended in a final judgment on the merits. *Rearick I, supra.* In *Rearick I,* the District Court granted summary judgment in favor of Penn State on June 17, 2010, and the Third Circuit Court of Appeals affirmed that judgment. *Id.* Because a grant of summary judgment is a final judgment on the merits for purposes of claim preclusion, Defendants have met the first prong of the claim preclusion test. *See Borough of Lansdale v. PP&L, Inc.,* 426 F.Supp.2d 264, 307 (E.D. Pa. 2006), citing *Hubicki v. ACF Indus., Inc.,* 484 F.2d 519, 524 (3rd Cir. 1973).

With respect to the second prong of the claim preclusion analysis, *Rearick I* and this action involve the same parties or their privities. Ms. Rearick is the same claimant in both lawsuits. Defendants in this case are all Penn State officials or administrators who are in privity with Penn State, the defendant in *Rearick I.* The Third Circuit Court of Appeals has long recognized that *res judicata* or claim preclusion may be invoked against a plaintiff who has previously asserted essentially the same cause of action "against different defendants where there is a close or significant relationship between successive defendants." *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3rd Cir. 1972), citing *Bruszewski v. United States*, 181 F.2d 419 (3rd Cir. 1950). Based on the doctrine of claim preclusion, Third Circuit courts have dismissed subsequent claims when two lawsuits are essentially the same except for the addition in the second suit of defendant officials who are

closely related to the defendant in the prior suit.  *See*, *e.g.*, *Shockley v. Hosterman*, 279 F.App'x. 98, 2008 WL 877148 *2 (3rd Cir. 2008)(copy attached)(where first suit against prison officials was dismissed, new suit against John Doe prison officials was barred because all were "prison officials in privity with one another."); *Benckini v. Upper Saucon Township*, No. 07-3580, 2008 WL 2050825 (E.D. Pa. 2008)(copy attached)(dismissing allegations against police officers who were not named in prior actions against municipalities and municipal officials based on *res judicata*); *Williams v. City of Allentown*, 25 F.Supp.2d 599, 604 (E.D. Pa. 1998)(individual employees of municipality had sufficient identity of interest with municipality to be deemed in privity for purposes of claim preclusion).  Here, Ms. Rearick alleges "unlawful retaliation by the state official defendants."  (Doc. 8, ¶6).  She acknowledges that each is an official or supervisor at Penn State.  (*Id.*, ¶¶7-9).  Because there is a close identity of interests between Defendants in this case and Penn State, the second prong of the claim preclusion analysis is met.

Regarding the third prong of the claim preclusion test, the Third Circuit Court of Appeals has "indicated a predisposition towards taking a broad view of what constitutes identity of causes of action."  *Athlone*, *supra*, 746 F.2d 984.  As this Court has recognized, courts should focus on the "central purpose" of claim preclusion, namely "requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."

*Morgan v. Covington Township*, No. 09-651, 2009 WL 3818431 at *4 (M.D. Pa. 2009) (J. Caputo)(copy attached), quoting *Athlone*, *supra* at 984.

Claim preclusion applies even where a second complaint asserts new and discrete events if they are connected to the allegations set forth in the first complaint. *See Elkadrawy v. The Vanguard Group, Inc.*, 584 F.3d 169, 174 (3rd Cir. 2009). In *Elkadrawy*, the Court of Appeals noted that a claim extinguished by the claim preclusion doctrine "includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction *or series of connected transactions*, out of which the action arose." *Id.*, quoting Restatement (2d) of Judgments, §24(1) (1982). Where the allegations in two lawsuits arose out of a single employment relationship and involved the same type of employment discrimination claim, the court viewed them as part of the same cause of action. *Id.* "Ultimately, claim preclusion is meant to prevent a party from litigating a claim that it could have raised in a prior proceeding in which it raised another claim based on the same cause of action." *Morgan, supra,* at *4. This includes claims which a plaintiff could have added to a previous lawsuit by amendment. *Id.*; *see also Elkadrawy*, *supra,* at 174 (plaintiff could have alleged new claims in his first complaint "or amended that complaint to add the 'new' claims."); *Gloeckl v. Giant Eagle, Inc.*, No. 05-1431, 2006 WL 1159339 *5 (W.D. Pa. 2006) (J.

McVerry) (copy attached)(plaintiff could have moved to amend first complaint to add claims/theories asserted in second action).

In this case, Ms. Rearick bases her claims partially on actions that allegedly took place in 2009. Specifically, she alleges that in April 2009, she was not chosen for an Accountant I position and in May 2009, she was told that she had been denied a fair opportunity at promotion at Penn State. (Doc. 8, ¶¶ 22, 30). She claims that both of these actions constitute unlawful retaliation. (*Id.*, ¶¶29-30). Similarly, *Rearick I* involved claims of unlawful retaliation based on a decision not to hire Ms. Rearick for a particular position at Penn State. *Rearick I, supra*. As Ms. Rearick fully acknowledges, the District Court did not grant summary judgment in *Rearick I* until June 17, 2010. (Doc. 8, ¶10). Over a year passed between the alleged conduct in April and May 2009 and the summary judgment decision. In addition, Ms. Rearick had over seven months from the dates of the alleged retaliation in 2009 until the final discovery deadline on January 4, 2010 in *Rearick I*. (Doc. 10-1). This was more than enough time to file a motion to amend. *See Morgan, supra,* at *5 (where termination occurred six months before deadline for amended complaint, plaintiff had "ample time" to amend to include termination). Although Ms. Rearick indicates at ¶34 of her Amended Complaint that she tried to raise a request to amend *Rearick I* "in conferences with the trial judge and with opposing counsel," the record is clear

that she never filed a motion to amend in the first action.  (Doc. 10-1).  Ms.

Rearick had sufficient time to move to amend her complaint to incorporate

allegations of additional retaliatory conduct occurring in April and May 2009, but

did not do so.  Accordingly, the doctrine of claim preclusion bars her from raising

such claims in this subsequent suit.  *See Elkadrawy, supra; Morgan, supra;*

*Gloeckl, supra.*

## VI.    <u>CONCLUSION</u>.

For the foregoing reasons, Defendants Spanier, Wiedemer, Horvath,

Doncsecz, Mattern, Maney and Killian respectfully request that this Court enter an

Order granting this Amended Motion for Partial Dismissal and take the following

actions:

(1)    dismiss Count I in its entirety against all Defendants and Count II to

the extent it asserts a claim based on the Petition Clause for failure to state a claim;

(2)    dismiss all remaining claims against Defendants Spanier, Horvath,

Doncsecz, Mattern and Killian for failure to state a claim;

(3)     dismiss, with prejudice, Ms. Rearick's claims against all Defendants based on alleged retaliatory actions taken in April and May 2009 pursuant to the doctrine of claim preclusion.

Respectfully submitted,

McQUAIDE BLASKO, INC.

Date: July 27, 2011                    By: s/Katherine M. Allen
                                            Katherine M. Allen, Esquire
                                            I.D. No. 77676
                                            kmallen@mqblaw.com
                                            James M. Horne, Esquire
                                            I.D. No. 26908
                                            jmhorne@mqblaw.com
                                            811 University Drive
                                            State College, PA 16801
                                            (814) 238-4926
                                            Fax: (814) 238-9624
                                            Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH REARICK, | : | Case No. 4:11-cv-00624 |
| | : | |
| Plaintiff, | : | Judge A. Richard Caputo |
| vs. | : | |
| | : | Complaint filed:  04/04/11 |
| GRAHAM SPANIER, SUSAN J. | : | |
| WIEDEMER, AL HORVATH, | : | |
| JOSEPH DONCSECZ, JAMES | : | |
| MATTERN, ROBERT MANEY, | : | |
| and RICHARD KILLIAN, | : | |
| | : | |
| Defendants. | : | ***Electronically Filed*** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Brief in Support of their Amended Motion for Partial Dismissal of Plaintiff's Amended Complaint in the above-captioned matter was served electronically this 27th day of July, 2011, upon the following attorneys/parties of record as follows:

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA  17110
adriennemamma6@aol.com


McQUAIDE BLASKO, INC.

By:  s/Katherine M. Allen
        James M. Horne, Esquire
        I.D. No. 26908
        Katherine M. Allen, Esquire
        I.D. No. 77676
        811 University Drive
        State College, PA 16801
        (814) 238-4926
        Attorneys for Defendants