**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBORAH REARICK, | CIVIL ACTION NO. 4:11-CV-624 |
| Plaintiff, | (JUDGE CAPUTO) |
| GRAHAM SPANIER, SUSAN J. WIEDEMER, AL HORVATH, JOSEPH DONCSECZ, JAMES MATTERN, ROBERT MANEY, and RICHARD KILLIAN, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Defendants' Amended Motion for Partial Dismissal of Plaintiff's Amended Complaint. (Doc. 18). Plaintiff Deborah Rearick alleges that after having exercised her First Amendment right to petition and her Second Amendment right to bear arms, she was subjected to retaliatory employment actions as a result. In its motion to dismiss, Defendants argue: (1) that Defendant Rearick fails to state a claim under the Petition Clause; (2) that Defendant Rearick fails to allege any facts as to a Petition Clause claim against Defendants Spanier, Horvath and Doncsecz; and (3) that any allegedly adverse employment actions taken in April and May of 2009 are barred by the doctrine of claim preclusion. For the reasons stated below, the Court will grant Defendants' Motion for Dismissal on the Petition Clause claim.

## I. BACKGROUND

Plaintiff Deborah Rearick ("Rearick") is an employee of the Pennsylvania State University ("PSU"). Plaintiff brought an initial action against PSU on June 24, 2008, alleging

retaliation in response to prior sexual harassment allegations and an action for breach of contract. *Rearick v. Pennsylvania State University*, No. 1:08-cv-1195 (M.D Pa. 2008). Summary judgment was entered in favor of the University, and the Third Circuit affirmed on March 4, 2011. *Rearick v. Pennsylvania State University*, No. 10-3041, 2011 WL 754785 (3d Cir. Mar. 4, 2011). Plaintiff alleges that as punishment for bringing that prior action, she was unlawfully denied promotional opportunities in violation of her rights under the First Amendment's Petition Clause. (Doc. 8 at ¶ 1).

Defendants Susan Wiedemer, Joseph Doncsecz, and Al Horvath are apparently "Trustees" for the Pennsylvania State University. (Doc. 8 at ¶ 7). Plaintiff alleges these three "are members of an inside group of top level 'front office' officials euphemistically described along with the President of the University as 'Old Main.'" (Doc. 8 at ¶ 7). Defendant Graham Spanier, the President of the University, is also referred to as "Old Main" and the "front office." (Doc. 8 at ¶ 8). Defendant James Mattern was Rearick's immediate superior, as was Defendant Robert Maney. (Doc. 8 at ¶ 9).

The first alleged act of retaliation occurred on approximately April 2, 2009. Rearick had been temporarily assigned to the open role of Accountant I at PSU. Plaintiff alleges that as "[s]he was working and performing extremely well in the position," and that she decided to bid for a permanent appointment to the position as she "had a clear inside track" and was encouraged to do so. (Doc. 8 at ¶¶ 13-17). Rearick was very disappointed to learn that she was ultimately not selected for the job.

Plaintiff believes the decision not to hire her came from the highest levels at PSU, denying her the job that she "had performed so well and for which she was the most qualified . . . in retaliation for complaining and filing suit." (Doc. 8 at ¶ 29). This conclusion

2

was partially based on a statement made by Defendant Killian, allegedly informing Rearick that while such a decision would normally be left to him and a third-party, that "Old Main made the decision" and that "Old Main has the power." (Doc. 8 at ¶¶ 24-25). Furthermore, Defendant James Mattern also informed Rearick that Defendant Sue Wiedemer had taken over the hiring process. (Doc. 8 at ¶ 9). Plaintiff believes that "Wiedemer would not act . . . without the approval and direction of Graham Spanier particularly since the litigation referred to above was pending." (Doc. 8 at ¶ 28). Finally, about a month later, Defendant Richard Killian explained to Rearick that she had been denied the position due to her "re-occurring pattern of questioning authority." (Doc. 8 at ¶ 30).

On May 10, 2010, Plaintiff applied for another position--Assistant Supervisor of the Property Inventory Department. However, Plaintiff was again disappointed to learn that this position was ultimately given to an apparently less qualified applicant. Additionally, on July 26, Rearick applied for the position of "Grants and Contracts Accountant I." She was also rejected for that position, citing her lack of a college degree, an action Plaintiff characterizes as "an inexcusable and unjustifiable denial of her rights done in retaliation for her seeking a redress of her grievances." (Doc. 8 at ¶ 49). These grievances refer to Rearick's federal court action against PSU, then pending before the Third Circuit, and an additional grievance directed to the PSU Affirmative Action Office regarding the alleged "good old boy" culture at the University. (Doc. 8 at ¶ 48). Plaintiff also received an apparently unwarranted disciplinary letter on October 15, 2010, acknowledging Plaintiff's pending lawsuit and advising her not to approach or harass her co-workers in regard to that suit. (Doc. 2).

On May 5, 2011, Plaintiff was ordered to attend a meeting with Defendants Maney and Wiedemer where she was asked to turn over her keys, questioned about her "conceal

3

and carry" firearms permit, and was eventually sent to meet with a PSU in-house mental counselor.  Plaintiff was told not to return to work until summoned, and appears to still be on leave.

As a result of being questioned about her gun permit, Plaintiff further argues that the aforementioned promotional opportunities were also denied in retaliation for her exercising her Second Amendment rights.  (Doc. 8 at ¶ 6).  Plaintiff claims that she has had her permit for "many many years, for protection due to business activities" but "that the defendants are using her lawful and proper possession of a carry and conceal gun permit . . . as a way to harm and injure the plaintiff in violation of her 1st and 2nd Amendment rights."  (Doc. 8 at ¶¶ 57, 64).  As such, Plaintiff brings claims against all Plaintiffs for the violation of her First Amendment Petition Clause Rights and against Defendants Maney and Wiedemer for the violation of her Second Amendment Right to bear arms.

As an initial matter, Defendants argue that Plaintiff fails to state a claim based on the Petition Clause.  Specifically, in light of the Supreme Court's holding in *Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488 (2011), they point out that a public employee is precluded from brining a Petition Clause claim on a matter not of public concern.  Further, Defendants argue that Rearick fails to state a claim against Defendants Spainer, Horvath and Doncsecz.  Finally, Defendants contend that the alleged actions of retaliation that occurred in April and May of 2009 should be barred as claim precluded as these allegations should have been raised in the prior action.  Plaintiff counters that she attempted to amend her complaint, but was denied the opportunity to do so and is thus not precluded.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the

complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

### B. Plaintiff's Claim Under the Petition Clause

Defendants argue that Plaintiff Deborah Rearick has failed to state a valid claim under the Petition Clause of the First Amendment.  (Doc. 19 at 10).  Specifically, Defendants assert that pursuant to *Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488 (2011), a public employee must demonstrate that they petitioned on a matter of public concern in order to substantiate a valid claim.  As Rearick wholly fails to allege that her petitions were based on matters of public concern, Defendants move the Court to dismiss Rearick's First Amendment retaliation claim.

To plead a First Amendment retaliation claim, a plaintiff must allege "(1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). *Guarnieri* extended this analysis to actions brought under the First Amendment's Petition Clause, holding that "[i]f a public employee petitions as an employee on a matter of purely private concern, the employee's First Amendment interest must give way, as it does in speech cases." 131 S. Ct. at 2500.  However, if such an employee petitions "as a citizen on a matter of public concern, the employee's First Amendment interest must be balanced against the countervailing interest of the government in the effective and efficient management of its internal affairs." *Id.*  A determination of such public interest is "a question of law to be determined by examining 'the content, form, and context of a given statement, as revealed by the whole record.'" *Rode v. Dellarciprete*, 845 F.2d 1195, 1201 (3d Cir. Pa. 1988) (citation omitted); *see also Connick v. Myers*, 461 U.S. 138, 148 (1983).

In her Brief in Opposition to the Motion to Dismiss, Plaintiff attempts to differentiate

7

her situation from *Guarnieri* by arguing solely that "the filing of a federal action raising claims based upon the Constitution and acts of Congress . . . must be deemed to be matters of public concern, as a matter of law." (Doc. 23 at 9). This is not the case. In fact, one of the protected activities alleged in *Guarnieri* was the filing of just such an action, a claim under 42 U.S.C. § 1983 for a separate First Amendment Petition Clause violation. 131 S. Ct. at 2492. Moreover, the Supreme Court specifically declined to determine whether that activity was sufficiently a matter of public interest, remanding the case for further analysis. *Id.* at 2501. As such, Plaintiff cannot reasonably argue that all such suits "clearly must be deemed to be matters of public concern." (Doc. 23 at 9).

Instead, Courts routinely find an absence of public interest where public employees level personalized complaints against their employers. "A public employee's speech involves a matter of public concern if it can be fairly considered as relating to any matter of political, social or other concern to the community." *Brennan v. Norton*, 350 F.3d 399, 412 (3d Cir. 2003) (citation omitted). Mere employee grievances are not such a public concern–"absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Connick v. Myers*, 461 U.S. 138, 147 (1983). "The right of a public employee under the Petition Clause is a right to participate as a citizen, through petitioning activity, in the democratic process. It is not a right to transform everyday employment disputes into matters for constitutional litigation in the federal courts." *Guarnieri*, 131 S. Ct. at 2501.

In *Miles v. City of Philadelphia*, a district court considered whether complaints of sexual harassment made within the police department could constitute a matter of public

8

concern. 2011 WL 4389601 at *4 (E.D. Pa. Sept. 21, 2011). Determining that sexual harassment could theoretically constitute a matter of public concern, that court still dismissed the retaliation claim, finding that the plaintiff's sexual harassment allegations "were made to advance only her own interests." *Id.* Specifically, that court failed to comprehend how the plaintiff's assertions "implicate[d] defendants in a pattern of conduct directed at anyone other than her." *Id.* This squares well with the public concern rule affirmed in *Guarnieri*, which specifically noted that "the forum in which a petition is lodged will be relevant," and that such internal grievance procedures are inherently shielded from the public view and are therefore often not a public concern. *Guarnieri*, 131 S. Ct. At 2501.

Defendants also cite *Bell v. City of Philadelphia* in support of the proposition that public concern does not exist where a Plaintiffs has petitioned solely on their own behalf. 275 Fed. Appx. 157 (3d Cir. 2008). There, the government employee was found to be speaking on no public concern where his complaints "sought not to expose discriminatory or harassing practices or policies at the DA's Office, but complained solely about his own 'abuse' and mistreatment by superiors and co-workers . . . especially given that they arose only after Bell's discipline for his own workplace infractions and amid clear evidence of his insubordination." *Id.* at 159. Enshrouding a workplace disagreement in Constitutional terms does not render it actionable.

Examining the content, form, and context of Rearick's alleged petitions, the Court determines that, as a matter of law, they are not matters of public concern. Unlike the above cases, Rearick does not allege in her Amended Complaint that her initial suit contained any element of public concern. Moreover, her petitions are no more than ordinary employee grievances–in fact, she explicitly admits that the supposed retaliation resulted

9

from "her right to petition for a redress of grievances." (Doc. 8 at ¶ 6). Therefore, it is clear that she did not "seek to communicate to the public or to advance a political or social point of view beyond the employment context." *Guarnieri*, 131 S. Ct. at 2501. Instead, the alleged protected conduct, Rearick's June 2008 action, complains solely of personal retaliation and contract claims based on prior, unrelated complaints made against her employer. *Rearick v. Pennsylvania State University*, No. 1:08-cv-1195 (M.D Pa. 2008). While tangentially based on a sexual harassment claim, the crux of that complaint was wholly personal. As it sought no broader social purpose, it cannot be said that it was in any way a matter of public concern.

Furthermore, Rearick's filing with the PSU Affirmative Action Office regarding the Institution's culture and alleged misconduct is also not sufficiently a matter of public concern. As it was a completely internal petition, the Court notes that it has even less inherent potential to suffice as a matter of public concern. *Guarnieri*, 131 S. Ct. At 2501 ("internal grievance procedure[s] in many cases will not seek to communicate to the public or to advance a political or social point of view beyond the employment context"). Moreover, Plaintiff's Amended Complaint fails to allege any element of public concern in this matter, nor did the grievance itself purport to advance the interest of anyone besides the Plaintiff. Therefore, as Rearick fails to allege any public concern in her Amended Complaint, she has not met her burden of alleging the necessary elements of her Petition Clause claim.

### III. CONCLUSION

For the reasons stated above, Defendants' Amended Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 18) will be granted. As the Court finds the Petition Clause claims insufficiently plead to survive a motion to dismiss, it is not necessary at this

instant to consider the claim preclusion issues raised by the Defendants or the sufficiency of the claims raised against individual Defendants.  Finally, as all Petition Clause claims will be dismissed, the only remaining claim in this action is Plaintiff's Second Amendment claim against Defendants Maney and Wiedemer.  An appropriate order follows.


| October 13, 2011 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBORAH REARICK,

    Plaintiff,

CIVIL ACTION NO. 4:11-CV-624

(JUDGE CAPUTO)

GRAHAM SPANIER, SUSAN J. WIEDEMER, AL HORVATH, JOSEPH DONCSECZ, JAMES MATTERN, ROBERT MANEY, and RICHARD KILLIAN,

    Defendants,

## ORDER

**NOW**, this 13th day of October, 2011, **IT IS HEREBY ORDERED** that Defendants' Amended Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 18) is **GRANTED**.

                                 /s/ A. Richard Caputo
                                 A. Richard Caputo
                                 United States District Judge