# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH REARICK,<br><br>    Plaintiff,<br><br>    v.<br><br>GRAHAM SPANIER, SUSAN J. WIEDEMER, AL HORVATH, JOSEPH DONCSECZ, JAMES MATTERN, ROBERT MANEY, and RICHARD KILLIAN,<br><br>    Defendants. | CIVIL ACTION NO. 4:11-CV-624<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Before the Court is Plaintiff Deborah Rearick's Motion for Reconsideration (Doc. 29) of the Court's October 14, 2011 Order granting Defendants' Amended Motion for Partial Dismissal of Plaintiff's Amended Complaint. For the reasons explained below, the Motion will be granted and Plaintiff will be given leave to submit a second amended complaint.

## **Discussion**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence

that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa.1999).

In my October 14, 2011 Order (Doc. 25), I granted Defendants' Amended Motion for Partial Dismissal of Plaintiff's Amended Complaint without allowing Plaintiff leave to amend her Complaint. It is well-established that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). Furthermore, Federal Rule of Civil Procedure 15(a) directs the Court to "freely give leave when justice so requires." This principle applies equally in situations where a plaintiff does not affirmatively seek a leave to amend, though a court may ultimately dismiss if the plaintiff does not submit such an amended pleading. *Phillips*, 515 F.3d at 245.

In granting Defendants' Motion, I relied heavily on *Borough of Duryea v. Guarnieri*,

131 S. Ct. 2488 (2011), which was decided on June 20, 2011–almost a month after Plaintiff had submitted her Amended Complaint.  In light of this intervening change in law, and that I cannot determine from the facts before me that giving such leave to amend would be futile, it was error for me not to have granted Plaintiff leave to amend her Complaint.  Therefore, I will grant Rearick's Motion to Reconsider insofar as it requests leave to submit an amended complaint on her First Amendment Petition Clause claims.

## Conclusion

For the reasons stated above, Plaintiff Deborah Rearick's Motion for Reconsideration (Doc. 29) will be granted to the extent that she will be given twenty-one (21) days to amend her Amended Complaint. An appropriate order follows.


| | |
|---|---|
| November 23, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH REARICK,<br><br>Plaintiff,<br><br>GRAHAM SPANIER, SUSAN J. WIEDEMER, AL HORVATH, JOSEPH DONCSECZ, JAMES MATTERN, ROBERT MANEY, and RICHARD KILLIAN,<br><br>Defendants. | CIVIL ACTION NO. 4:11-CV-624<br><br>(JUDGE CAPUTO)<br><br>GRAHAM SPANIER, SUSAN J. WIEDEMER, AL HORVATH, JOSEPH DONCSECZ, JAMES MATTERN, ROBERT MANEY, and RICHARD KILLIAN, |

## ORDER

**NOW**, this 23rd day of November, 2011, **IT IS HEREBY ORDERED** that Plaintiff Deborah Rearick's Motion for Reconsideration (Doc. 29) is **GRANTED**. Plaintiff has twenty-one (21) days from the date of this Order to file a second amended complaint. Failure to do so will result in the dismissal of Plaintiff's Petition Clause claims.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge