**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBORAH REARICK, | CIVIL ACTION NO. 4:11-cv-624 |
| Plaintiff, | |
| | (JUDGE CAPUTO) |
| SUSAN J. WIEDEMER, and ROBERT MANEY, | |
| Defendants. | |

## MEMORANDUM

Currently before me is the Defendants' Motion to Dismiss Plaintiff Deborah Rearick's Third Amended Complaint. (Doc. 58.) After being given leave to amend solely as to her Second Amendment claim, the Third Amended Complaint fails to properly allege such a cause of action. Therefore, this matter will be dismissed.

## I. BACKGROUND

Plaintiff Deborah Rearick alleges the following in her Third Amended Complaint. Rearick is an employee of the Pennsylvania State University ("PSU"). Defendants Susan Wiedemer and Robert Maney are Rearick's supervisors. On May 5, 2011, Rearick was forced to attend a meeting with these two Defendants. At that meeting, Rearick was immediately ordered to surrender her keys, and was not provided with any explanation about what was going on. When she attempted to leave, Rearick was told that there would be consequences if she did. Rearick was then questioned about her conceal and carry gun permit which she has for protection in her business activities. Although Rearick has never brought a firearm on PSU's campus, this questioning was apparently related to a dream Plaintiff had approximately seventeen (17) years earlier and incorproated into a

memorandum.  Rearick was then sent to meet with the PSU in-house mental counselor.  There, Rearick was intimidated into agreeing to surrender her gun permit if it would make others feel better.  And, although she was told that she was not crazy, Rearick was instructed not to return to work before getting an independent psychiatric exam.  Rearick completed such an exam and was told she could report back to work.

As a result of these events, "Plaintiff alleges she was and is being retaliated against for filing her complaints and that the defendants are using her lawful and proper possession of a carry and conceal gun permit, conduct which is protected by the 2nd Amendment to the U.S. Constitution, as a way to harm and injure the plaintiff in violation of her 1st and 2nd Amendment rights." (*Id.* at ¶ 26.)  In Count I of the Third Amended Complaint, Rearick brings a claim for a violation of her rights under the petition clause of the First Amendment.  In Count II, Rearick brings a claim for the violation of her Second Amendment rights.

## II. DISCUSSION

### A.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.*

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

3

entitlement to relief." *Id.* at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

**B.    Analysis**

**1.    Inclusion of First Amendment Claims**

As noted, this is now the fourth complaint filed in this action. While the previous three complaints primarily addressed First Amendment retaliation issues, those First Amendment claims were dismissed with prejudice and leave to amend was given solely as to the Second Amendment claim.

In particular, in Count II of the previous (Second Amended) complaint, Rearick similarly pleaded that the aforementioned actions of Maney and Wiedemer were "in retaliation for plaintiff filing the original complaint in this matter just weeks prior." (Second Am. Compl. at ¶ 100, Doc. 35.) In my April 30, 2012 Memorandum and Order, I was explicit that, "to the extent Rearick seeks to establish a First Amendment retaliation claim on these

alleged harms . . . Rearick's First Amendment retaliation claim in Count II will also be dismissed with prejudice." *Rearick v. Spanier*, 4:11-CV-624, 2012 WL 1514916, at * 7 (M.D. Pa. Apr. 30, 2012). However, although I also found that Rearick did not raise a cognizable Second Amendment claim, I granted leave to amend "solely as to her claim under the Second Amendment." *Id.* While Rearick was given leave to amend on a pure Second Amendment claim, she was not given leave on any First Amendment theory. As such, to any extent the Third Amended Complaint proceeds upon a foreclosed First Amendment argument, it will be dismissed with prejudice.[1]

### 2. Second Amendment Claim

The Third Amended Complaint fails to plead a cognizable Second Amendment violation, retaliatory or otherwise. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). This is a "right to keep and bear arms that is not conditioned on service in a militia." *United States v. Barton*, 633 F.3d 168, 170 (3d Cir.2011) (citing *Heller*, 554 U.S. at 595). While Plaintiff's counsel avers that there is a "dearth, across the entire nation, of law dealing with individual Second Amendment injuries" (Pl.'s Br. In Opp. at 5, Doc. 60), it is nevertheless clear that a violation of the Second Amendment will require at least some infringement of an individual's right to carry weapons. And, the instant complaint alleges no such infringement.

---

[1] Moreover, in finding no Second Amendment violation, a First Amendment retaliation claim would fail anyway. To plead a First Amendment retaliation claim, a plaintiff must allege: "(1) [s]he engaged in constitutionally protected conduct, (2) [s]he was subjected to adverse actions by a state actor, and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action." *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011) (citation omitted). With no Second Amendment violation, there is no adverse state action in respect to Plaintiff's right to bear arms.

Rearick fails to allege facts suggesting that her right to possess or carry weapons was actually impinged in any way by either of the Defendants. Instead, the heart of Plaintiff's argument is that she suffered emotional injury and fear as demonstrated through a willingness "to give up what she covets as a precious constitutional right under the Second Amendment for fear of losing her employment and to escape retaliation for filing complaints in her own defense." (Third Am. Compl. at ¶ 27, Doc. 57.) As before, the Defendants' mere questioning Rearick about her gun permit does not rise to the level of a Second Amendment violation. Rearick then represents that she was sent to a mental health counselor for reasons unrelated to her gun permit. The appeasing comments Rearick made to that mental health counselor did not cause any violation of the Second Amendment, and were additionally too attenuated from the named Defendants to be implicated against them anyway. To the extent the ordeal alleged produced distress, it may have been harassment, but there is no allegation of any resulting harm to Rearick's Second Amendment right. As such, there is no Second Amendment claim.

### III. CONCLUSION

Plaintiff was given leave to amend solely in order to allege concrete violations of her Second Amendment right to bear arms. Instead, the Third Amended Complaint contains essentially the same recitations as before with no allegation that Rearick's right to possess weapons for self defense was ever impinged or seriously threatened. As such, this claim will be denied with prejudice and the case will be dismissed. An appropriate order follows.

| | |
|---|---|
| August 6, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |